IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-70-BO

| | |
|---|---|
| STEPHEN WASSERMAN, | ) |
| | ) |
|     Appellant, | ) |
| | ) |
| v. | )   **O R D E R** |
| | ) |
| ROBIN Y. WASSERMAN, | ) |
| | ) |
|     Appellee. | ) |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

This matter comes before the Court on appeal from the Bankruptcy Court for the Eastern District of North Carolina's order of March 25, 2015, granting appellee's motion for relief from an automatic stay in pending state court proceedings. For the reasons discussed below, the decision to grant the motion for relief from automatic stay is affirmed.

## BACKGROUND

Appellant Stephen Wasserman (hereinafter referred to as "appellant" or "Stephen") commenced a bankruptcy proceeding under Chapter 13 on June 26, 2014. [DE 7-1, p. 4]. In his bankruptcy petition, Stephen listed a pension plan and 401(k) plan (hereinafter referred to as "the pensions") as exempt assets. *Id.* The value of the pensions was listed as $235,366.12. *Id.*

At the time Stephen filed his petition in bankruptcy, he and Robin Wasserman (hereinafter referred to as "appellee" or "Robin") were husband and wife. However, the two were separated and parties to an equitable distribution proceeding in North Carolina District Court in Johnston County. In this state court proceeding, Robin claimed that the pensions were part of the

marital estate and that she had a property interest in them, but no order of equitable division had yet been entered. The state court proceeding was automatically stayed by the filing of the petition in bankruptcy. *See* 11 U.S.C. § 362(a)(1).

Robin filed a motion for relief from this automatic stay in Bankruptcy Court on July 10, 2014. The Bankruptcy Court held a hearing on the matter on August 6, 2014. On March 25, 2015, the Bankruptcy Court issued an order. [DE 7-1, p. 75]. In the order, the Bankruptcy Court allowed Robin to resume the state court proceeding for purposes of equitable division and required that any resulting liquidated claim be adjudicated in Bankruptcy Court. *Id.* The instant appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). On appeal, a Bankruptcy Court's findings of fact shall not be set aside unless clearly erroneous and legal conclusions are reviewed *de novo*. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007).

Here, appellant claims that the Bankruptcy Court made an error of law in granting appellee's motion for relief from automatic stay, so the decision is reviewed *de novo*.

## DISCUSSION

The issue on appeal is whether the Bankruptcy Court erred as a matter of law in granting appellee's motion for relief from automatic stay, thus allowing the state court equitable division proceeding to determine the nature of Robin's interest, if any, in the pensions. In support of the appeal, Stephen contends that North Carolina law cuts off a spouse's rights in property upon the

filing of a bankruptcy petition if those rights are not fixed before the petition. Stephen also contends that this Court's previous decision in *Walston v. Walston*—holding that a non-filing spouse had a proprietary interest in the filing spouse's military pension that was not discharged in bankruptcy—is distinguishable because the pension in *Walston* was a military pension, and thus a creature of federal, not state, law. *See* 190 B.R. 66 (E.D.N.C. 1995); [DE 12].

A spouse's proprietary right in a specific asset survives bankruptcy. *See Walston*, 190 B.R. at 67. A right to equitable division, however, does not; instead, it operates as a general unsecured claim against the bankruptcy estate. *Id.* Therefore, whether or not the non-filing spouse has a proprietary right is of great moment. North Carolina state law determines whether the non-filing spouse has a proprietary right. *See Butner v. U.S.*, 440 U.S. 48, 55 (1979).

Generally, the rights of a non-filing spouse in marital property are "cut off by the filing of [a] bankruptcy petition" if the rights are not fixed pre-petition. *Perlow v. Perlow*, 128 B.R. 412, 415 (E.D.N.C. 1991). In *Perlow*, the Court reasoned that a bankruptcy trustee operates like a "hypothetical lien creditor and a hypothetical bona fide purchaser of property from the debtor," so that the filing of the petition in bankruptcy cuts off the rights of the non-filing spouse. *Id.* Accordingly, claims from non-filing spouses that were not fixed pre-petition are generally treated as general unsecured claims against the estate in bankruptcy.

However, this Court has limited the application of this general rule based on the nature of the property at issue.[1] *See Walston*, 190 B.R. at 68. In *Walston*, the Court rejected the argument that the non-filing spouse's claim to filing spouse's military pension was only an unsecured

---

[1] Though the difference in the type of property at issue is most salient, the *Perlow* decision is also distinguishable on other grounds. For example, in *Perlow*, the wife's failure to file a lis pendens or obtain an execution lien on the property at issue contributed to finding that the interest was not fixed pre-petition; here, as in *Walston*, such options were not available to the appellee due to the nature of the property at issue and, thus, cannot be held against the party. *See Perlow*, 128 B.R. at 415; *Walston*, 190 B.R. at 68–69. Additionally, *Perlow* itself acknowledges that the equitable distribution matter would best be handled by state courts; however, unlike here, Mrs. Perlow failed to assert this argument in a timely manner. *Perlow*, 128 B.R. at 416. In the instant matter, appellee filed for relief within about two weeks. [DE 13].

claim just because the North Carolina court had not yet entered a judgment declaring the military pension to be marital property. *Id.* Instead, the Court examined several qualities of a military pension and determined that the non-filing spouse had a proprietary interest which could not be discharged in bankruptcy. *Id.* at 67.

As a foundational matter, the Court in *Walston* determined that the non-filing spouse had an interest in the military pension as marital property. In North Carolina, "marital property" is subject to equitable division upon the dissolution of a marriage. N.C.G.S. § 50-20(a). North Carolina defines marital property as:

> "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of separation of the parties, and presently owned, except property determined to be separate property or divisible property… *Marital property includes all vested and nonvested pension, retirement, and other deferred compensation rights*, and vested and nonvested military pensions eligible under the federal Uniformed Services Former Spouses' Protection Act."

N.C.G.S. § 50-20(b)(1) (emphasis added).

In *Walston*, the Court considered the nature of an asset such as a pension as opposed to "the majority of cases which involve real and personal property." *Id.* at 68. Equitable division of a pension is likely to be different in kind than equitable division of real and personal property, as the former is a "right[] to continued receipt of income" and the latter is a "right[] in tangible property." *Id.* at 68. In *Walston*, the nature of the pension and the fact that the filing spouse did not list it as an asset meant that creditors could not reach it in bankruptcy. *See Walston*, 190 B.R. at 68–70. Therefore, holding that the non-filing spouse had a proprietary interest in the military pension had no effect on creditors to the estate or the bankruptcy estate. Thus, in such an instance, "[p]rohibiting entry of the [distribution order] post-petition would not increase the assets of the estate available to creditors, but would only increase Debtor's pension interests at

the expense of his former wife." *Walston*, 190 B.R. at 68 (quoting *Long v. Donahue*, 148 B.R. 904, 905 (Bankr. W.D.Mo. 1992)).

Here, appellant has attempted to distinguish the *Walston* case on the grounds that a military pension is a creature of federal law, rather than state, and so, the argument follows, proprietary interests in military pensions are determined by federal law. [DE 12]. However, this distinction fails upon examination of North Carolina law and the language of *Walston* itself. As excerpted above, North Carolina law specifically creates marital property rights in military pensions. N.C.G.S. § 50-20(b)(1). Moreover, this exact North Carolina statute was included in the *Walston* decision as the basis for declaring that the military pension was marital property. *Walston*, 190 B.R. at 67.

This argument failing, the facts of the instant case align themselves rather squarely with the facts in *Walston*, and, accordingly, a similar result follows. As in *Walston*, an equitable division proceeding was pending when the former husband filed for bankruptcy. *Id.* at 66–67. As in *Walston*, the husband has a pension. *Id.* As in *Walston*, the pension is unreachable by creditors in bankruptcy: in *Walston*, it was not listed as an asset, while in the instant case it was listed as an exempt asset. *Id.* at 68. Accordingly, as in *Walston*, a finding of a proprietary interest in the asset for the wife would not affect the size of bankruptcy estate or the ability of creditors to recover from the husband. *Id.*

However, unlike in *Walston*, the matter before the Court in the instant matter is not whether the wife has a proprietary claim but whether to allow the state court to determine that issue before the bankruptcy matter proceeds. This militates even further toward allowing relief from the automatic stay. Determinations of domestic issues and equitable distribution matters such as these are properly the domain of the state courts. *See In re Robbins*, 964 F.2d 342, 344

(4th Cir. 1992). Moreover, whatever decision the state court reaches on the matter will not affect the size of the bankruptcy estate or ability of creditors to recover. Finally, appellee's policy argument that allowing a relatively-quick bankruptcy filing to eliminate possibility of a non-filing spouse's marital property interests in an ongoing, protracted equitable division proceeding is noted. Therefore, the Bankruptcy Court's decision to grant relief from the automatic stay is affirmed.

## **CONCLUSION**

For the foregoing reasons the order of the Bankruptcy Court on appeal in this matter is AFFIRMED. The clerk is DIRECTED to enter this order and to provide a copy of this order to the Bankruptcy Court for the Eastern District of North Carolina.

SO ORDERED, this 26 day of October, 2015.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6